UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-573-RJC-DCK

| ALMA P. BENDRICK, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("Defendant") Motion to Dismiss, (Doc. No. 2), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), recommending that this Court grant Defendant's motion, (Doc. No. 14). Plaintiff Alma Bendrick ("Plaintiff") has not filed any objection.

**I.  BACKGROUND**

On October 6, 2011, Plaintiff brought suit against Defendant for breach of contract, unfair and deceptive trade practices, and breach of the duty of good faith and fair dealing. (Doc. No. 1-1). Plaintiff was involved in an automobile collision on April 4, 2007, in which her vehicle was struck by another vehicle driven by Beatrice Bowman ("Bowman"). (Doc. No. 14 at 1). Bowman's insurance company tendered its policy limit of $30,000 to Plaintiff for the collision. (Id.). Plaintiff filed a claim with Defendant, her own insurance company, for the remainder of her damages under her uninsured motorist policy. (Id. at 1-2). After investigating the claim, Defendant denied Plaintiff's claim. (Id. at 2). Plaintiff requested arbitration. (Id.). The arbitrator ruled that Plaintiff's case was worth $120,000. (Id.). Defendant then tendered

$65,000–it's $100,000 policy limit less $35,000 for amounts already paid out to Plaintiff from third parties. (Id.). This suit followed.

Defendant moved to dismiss on November 17, 2011. The Magistrate Judge recommended that this Court grant Defendant's motion because Defendant was entitled to await the results of arbitration before paying Plaintiff's claim. (Id. at 3-9). The Magistrate Judge gave Plaintiff until March 26, 2012 to file any objection. (Id. at 10). Plaintiff has not filed any objection.

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Where a party fails to object to the Magistrate Judge's M&R, the district court may accept, reject, or modify the M&R without explanation. Camby, 718 F.2d at 199.

## III. ANALYSIS

After review, the Court concurs with the Magistrate Judge and finds no clear error in his M&R. Therefore, the Court **ADOPTS** the Magistrate Judge's M&R, (Doc. No. 14), and **GRANTS** Defendant's Motion to Dismiss, (Doc. No. 2).

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 14), is **ADOPTED**;

2. Defendant's Motion to Dismiss, (Doc. No. 2), is **GRANTED**; and

3. Plaintiff's case is **DISMISSED**.

Signed: April 13, 2012

Robert J. Conrad, Jr.
Chief United States District Judge